| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF DORCHESTER | |
| HERMAN E. MARCHANT, Plaintiff(s) | CIVIL ACTION COVERSHEET<br>07 - CP - 18 - 1695 |
| vs. | |
| COUNTY OF DORCHESTER, THOMAS E. BUCHANAN, IV, AND FOUR UNIDENTIFIED DORCHESTER COUNTY POLICE OFFICERS<br>Defendant(s) | |

| | |
|---|---|
| (Please Print)<br>Submitted By: M. Baron Stanton<br>Address: 1728 Main Street<br>P.O. Box 245<br>Columbia, SC 29202 | SC Bar #: 7970<br>Telephone #: 803-929-1484<br>Fax #: 803-929-0534<br>Other:<br>E-mail: |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)

*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.  ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (Check One Box Below)

**Contracts**
☐ Constructions (100)
☐ Debt Collection (110)
☐ Employment (120)
☐ General (130)
☐ Breach of Contract (140)
☐ Other (199)

**Torts - Professional Malpractice**
☐ Dental Malpractice (200)
☐ Legal Malpractice (210)
☐ Medical Malpractice (220)
☐ Other (299)

**Torts - Personal Injury**
☐ Assault/Slander/Libel (300)
☐ Conversion (310)
☐ Motor Vehicle Accident (320)
☐ Premises Liability (330)
☐ Products Liability (340)
☒ Personal Injury (350)
☒ Other (399)

**Real Property**
☐ Claim & Delivery (400)
☐ Condemnation (410)
☐ Foreclosure (420)
☐ Mechanic's Lien (430)
☐ Partition (440)
☐ Possession (450)
☐ Building Code Violation (460)
☐ Other (499)

**Inmate Petitions**
☐ PCR (500)
☐ Sexual Predator (510)
☐ Mandamus (520)
☐ Habeas Corpus (530)
☐ Other (599)

**Judgments/Settlements**
☐ Death Settlement (700)
☐ Foreign Judgment (710)
☐ Magistrate's Judgment (720)
☐ Minor Settlement (730)
☐ Transcript Judgment (740)
☐ Lis Pendens (750)
☐ Other (799)

**Administrative Law/Relief**
☐ Reinstate Driver's License (800)
☐ Judicial Review (810)
☐ Relief (820)
☐ Permanent Injunction (830)
☐ Forfeiture (840)
☐ Other (899)

**Appeals**
☐ Arbitration (900)
☐ Magistrate-Civil (910)
☐ Magistrate-Criminal (920)
☐ Municipal (930)
☐ Probate Court (940)
☐ SCDOT (950)
☐ Worker's Comp (960)
☐ Zoning Board (970)
☐ Administrative Law Judge (980)
☐ Public Service Commission (990)
☐ Employment Security Comm (991)
☐ Other (999)

**Special/Complex/Other**
☐ Environmental (600)
☐ Automobile Arb. (610)
☐ Medical (620)
☐ Pharmaceuticals (630)
☐ Unfair Trade Practices (649)
☐ Other (699)

Submitting Party Signature: _[signature]_  Date: 9/13/07

SCCA / 234 (5/04)                                      Page 1 of 3

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (5/04)

Page 2 of 3

## FOR MANDATED ADR COUNTIES ONLY
Florence, Horry, Lexington, Richland, Greenville**, and Anderson**
** Contact Respective County Clerk of Court for modified ADR Program Rules

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

You are required to take the following action(s):

1. The parties shall select a neutral within 210 days of filing of this action, and the Plaintiff shall file a "Stipulation of Neutral Selection" on or before the 224th day after the filing of the action. If the parties cannot agree upon the selection of the neutral within 210 days, the Plaintiff shall notify the Court by filing a written "Request for the Appointment of a Neutral" on or before the 224th day after the filing of this action. The Court shall then appoint a neutral from the Court-approved mediator/arbitrator list.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Cases which are appellate in nature such as appeals or writs of certiorari;

    c. Post Conviction relief matters;

    d. Contempt of Court proceedings;

    e. Forfeiture proceedings brought by the State;

    f. Cases involving mortgage foreclosures; and

    g. Cases that have been submitted to mediation with a certified mediator prior to the filing of this action.

4. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference had been concluded.

Please Note:   You must comply with the Supreme Court Rules regarding ADR.
              Failure to do so may affect your case or may result in sanctions.

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> COUNTY OF DORCHESTER ) <br> ) <br> HERMAN E. MARCHANT, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> COUNTY OF DORCHESTER, ) <br> THOMAS E. BUCHANAN, IV (IN HIS ) <br> INDIVIDUAL CAPACITY), ) <br> AND FOUR UNIDENTIFIED ) <br> DORCHESTER COUNTY POLICE ) <br> OFFICERS (IN THEIR INDIVIDUAL ) <br> CAPACITIES), ) <br> ) <br> DEFENDANTS. ) | IN THE COURT OF COMMON PLEAS <br> CIVIL ACTION NO.: 07-CP-18-1695 <br><br><br><br> SUMMONS |

TO: DEFENDANTS DORCHESTER COUNTY, THOMAS E. BUCHANAN, IV, AND FOUR UNIDENTIFIED DORCHESTER COUNTY POLICE OFFICERS:

YOU ARE SUMMONED AND REQUIRED to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your Answer upon the undersigned attorney for the plaintiff at 1728 Main Street, P. O. Box 245, Columbia, SC 29202, within thirty (30) days after service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

M. Baron Stanton
STANTON LAW OFFICES, P.A.
1728 Main Street
P. O. Box 245
Columbia, South Carolina 29202
ATTORNEY FOR PLAINTIFF

9-13        , 2007

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> COUNTY OF DORCHESTER ) <br> ) <br> HERMAN E. MARCHANT, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> COUNTY OF DORCHESTER, ) <br> THOMAS E. BUCHANAN, IV (IN HIS ) <br> INDIVIDUAL CAPACITY), ) <br> AND FOUR UNIDENTIFIED ) <br> DORCHESTER COUNTY POLICE ) <br> OFFICERS (IN THEIR INDIVIDUAL ) <br> CAPACITIES), ) <br> ) <br> DEFENDANTS. ) | IN THE COURT OF COMMON PLEAS <br> CIVIL ACTION NO.: 07-CP-18-1685 <br> <br> COMPLAINT <br> (JURY TRIAL REQUESTED) |

Plaintiff, complaining of Defendants, alleges the following and requests the following relief:

### FOR A FIRST CAUSE OF ACTION
### As Against Defendants County of Dorchester, Thomas E. Buchanan, IV, and Four Unidentified Dorchester County Police Officers
(Excessive Force Under Common Law, as Allowed by the Tort Claims Act, and under 42 U.S.C. §1983, Irrespective of the Tort Claims Act)

1. Plaintiff Herman E. Marchant is a resident of Dorchester County, South Carolina.

2. Defendant Dorchester County is a county located in the State of South Carolina.

3. Defendant Thomas E. Buchanan, IV is a resident of Dorchester County.

4. Defendant Thomas E. Buchanan, IV is employed by the Dorchester County Sheriff's Office.

5. Defendants, four unidentified Dorchester County Police Officers, are believed to be residents of Dorchester County.

6. Defendants four unidentified Dorchester County Police Officers are or were formerly employed by the Dorchester County Sheriff's Office.

7. On the morning of September 29, 2005, Plaintiff was working on the side of a private residence located at 874 West Main Street in Harleyville, South Carolina.

8. Plaintiff is a relatively quiet, small man, advanced in age, with grey hair, and pre-existing nerve problems in his neck and back. Plaintiff had recently undergone a hernia operation and a separate gall bladder operation, and was just getting back into some small gainful activity.

9. Plaintiff's son was the contractor on the job, and was working at the rear of the residence on this particular morning.

10. Plaintiff was on the edge of the roof and had a ladder against the residence when two persons not residing there arrived at the home and asked Plaintiff to come down to the ground.

11. Plaintiff refused, stating that he was not the contractor on the project, had a job to do, and had no business with them.

12. Upon information and belief, one of the persons called the Dorchester County Sheriff's Department.

13. Defendant, Officer Thomas E. Buchanan, IV, came up the driveway of the residence to where Plaintiff was working.

14. Defendant Buchanan yelled at Plaintiff and commanded him to come down off the roof.

15. Plaintiff and Defendant Buchanan had some dialogue while Plaintiff was still on the roof and Plaintiff declined to come down immediately and attempted to finish up a part of what he was in the middle of working on.

16. Defendant Buchanan may or may not contend that at some point, Plaintiff made a profane or offensive statement. While irrelevant to this action, Plaintiff did not make any profane or offensive statement to Buchanan from the roof.

17. Defendant Buchanan called for more officers, and at least four more officers arrived at the residence.

18. Upon the arrival of the additional officers, Plaintiff came off of the roof and down the ladder and talked to them.

19. Under repetitious questioning by the officers, Plaintiff answered that the discrepancy between what Buchanan alleged about Plaintiff throwing things from the roof and what Plaintiff actually said and did was explained by Buchanan being a "d___ liar."

20. At this point, one of the officers gave the word, and Plaintiff was forcibly handcuffed, behind his back, roughed up, lifted off the ground by his arms, dragged or pushed forcibly by his bound arms, and shoved into a hot police car out by the street by Defendant Buchanan and the four other defendant officers.

21. After inquiring as to whether he was being arrested, Plaintiff was informed by one of the defendant officers that he was being detained for his own safety.

Sanders Law Offices, P.A., 1728 Main Street, P.O. Box 245, Columbia, SC 29202, 303-929-1484

3

22. Plaintiff was locked inside a hot police car until the defendant officers decided to let him out.

23. Plaintiff was issued a citation for public disorderly conduct.

24. There was no basis for a charge of public disorderly conduct, and the seizure, rough handling, restraint and detention of Plaintiff were without probable cause.

25. As a result of the actions of the defendants, Plaintiff received injury to his wrists, arms, shoulders, and neck, incurred present and future medical expenses, and experienced pain, suffering, extreme aggravation, and loss of enjoyment of life, which will continue.

26. Defendants Thomas E. Buchanan, IV and the four unidentified Dorchester County Police officers were acting within the course and scope of their employment.

27. Reasonable officers in the positions of Defendants Thomas E. Buchanan, IV and the four unidentified Dorchester County Police Officers would not have used force to restrain Plaintiff under these circumstances.

28. The alleged crime of public disorderly conduct was not only baseless in law and fact, but even if it had been committed, was not severe enough to warrant a use of force.

29. Plaintiff is approximately five feet five inches tall, 135 pounds, and 65-70 years of age.

30. Plaintiff had no weapon at the time of his confrontation by Defendants Thomas E. Buchanan, IV and four unidentified Dorchester County Police Officers.

31. Plaintiff was not an immediate threat to the safety of the officers or others.

32. Plaintiff was neither actively resisting arrest nor attempting to flee at the time he was forcibly handcuffed behind his back, roughed up, lifted off the ground by his bound arms, dragged or pushed by his bound arms, and shoved into the hot police car.

33. Defendants Thomas E. Buchanan, IV and four unidentified Dorchester County Police Officers violated Plaintiff's protection under the Fourth Amendment to the United States Constitution from unreasonable seizure.

34. Defendants Thomas E. Buchanan, IV and four unidentified Dorchester County Police Officers used force in order to obstruct Plaintiff's exercise of his right under the First Amendment of the United States Constitution to free speech and injured Plaintiff because of his exercise of same.

35. Defendant Dorchester County and Defendants Thomas E. Buchanan, IV and four unidentified Dorchester County Police Officers are liable for the excessive force used by Defendants Thomas E. Buchanan, IV and four unidentified Dorchester County Police Officers.

## FOR A SECOND CAUSE OF ACTION
As Against Defendants County of Dorchester, Thomas E. Buchanan, IV, and Four Unidentified Dorchester County Police Officers
(Assault and Battery Under Common Law, as Allowed by the Tort Claims Act, and under 42 U.S.C. §1983, Irrespective of the Tort Claims Act)

36. The allegations of the foregoing paragraphs are repeated and incorporated herein.

37. Defendants Thomas E. Buchanan, IV and four unidentified Dorchester County Police Officers placed Plaintiff in fear of bodily harm.

38. Defendants Thomas E. Buchanan, IV and four unidentified Dorchester County Police Officers subjected Plaintiff to bodily harm.

39. Defendants Thomas E. Buchanan, IV and four unidentified Dorchester County Police Officers placed Plaintiff in fear of bodily harm and subjected Plaintiff to bodily harm in order to obstruct Plaintiff's exercise of his right under the First Amendment of the United States Constitution to free speech.

40. Defendant Dorchester County and four unidentified Dorchester County Police Officers are liable for the assault and battery committed by Defendants Thomas E. Buchanan, IV and four unidentified Dorchester County Police Officers.

### FOR A THIRD CAUSE OF ACTION
### As Against Defendants County of Dorchester, Thomas E. Buchanan, IV, and Four Unidentified Dorchester County Police Officers
(False Arrest and Imprisonment Under Common Law, as Allowed by the Tort Claims Act, and under 42 U.S.C. §1983, Irrespective of the Tort Claims Act)

41. The allegations of the foregoing paragraphs are repeated and incorporated herein.

42. Defendants Thomas E. Buchanan, IV and four unidentified Dorchester County Police Officers restrained Plaintiff.

43. Defendants Thomas E. Buchanan, IV and four unidentified Dorchester County Police Officers intentionally restrained Plaintiff.

44. Defendants Thomas E. Buchanan, IV and four unidentified Dorchester County Police Officers unlawfully restrained Plaintiff.

45. Defendants Thomas E. Buchanan, IV and four unidentified Dorchester County Police Officers did not have probable cause to arrest Plaintiff.

46. Defendants Thomas E. Buchanan, IV and four unidentified Dorchester County Police Officers restrained Plaintiff in an unlawful manner in order to obstruct Plaintiff's exercise

of his right under the First Amendment of the United States Constitution to free speech and injured Plaintiff because of his exercise of same.

47. Defendant Dorchester County and four unidentified Dorchester County Police Officers are liable for the false arrest and imprisonment committed by Defendants Thomas E. Buchanan, IV and four unidentified Dorchester County Police Officers.

## FOR A FOURTH CAUSE OF ACTION
## AS AGAINST DEFENDANT COUNTY OF DORCHESTER
(Violation of S.C. Code Ann. § 16-5-60)

48. The allegations of the foregoing paragraphs are repeated and incorporated herein.

49. Defendants Thomas E. Buchanan, IV and four unidentified Dorchester County Police Officers restrained Plaintiff in order to obstruct Plaintiff's exercise of his right under the First Amendment of the United States Constitution to free speech in Dorchester County and injured Plaintiff because of his exercise of same.

50. Defendants Thomas E. Buchanan, IV and four unidentified Dorchester County Police Officers used excessive force in Dorchester County to restrain Plaintiff in violation of Plaintiff's right under the Fourth Amendment to the Constitution of the United States to freedom from unreasonable seizures.

51. Defendant Dorchester County is liable for the obstruction of Plaintiff from exercising his right to free speech under the First Amendment to the Constitution of the United States and for injuries to his person caused by excessive force that violated Plaintiff's right to freedom from unreasonable seizures under the Fourth Amendment to the Constitution of the United States, pursuant to S.C. Code. Ann. § 16-5-60.

WHEREFORE, Plaintiff prays for the following relief:

a. For judgment, jointly and severally, against the Defendants in an amount yet to be determined for medical charges, pain, suffering, and loss of enjoyment of life as a result of the actions of Defendants.

b. For all costs and disbursements of this action, including reasonable attorney's fees; and

c. For such other and further relief as is just and proper.

M. Baron Stanton
STANTON LAW OFFICES, P.A.
1728 Main Street
P. O. Box 245
Columbia, South Carolina 29202
ATTORNEY FOR PLAINTIFF

9.13       , 2007

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF DORCHESTER ) CIVIL ACTION NO.: 07-CP-18-1695
)
HERMAN E. MARCHANT, )
)
    PLAINTIFF, )
) **VERIFICATION**
    v. )
)
COUNTY OF DORCHESTER, )
THOMAS E. BUCHANAN, IV (IN HIS )
INDIVIDUAL CAPACITY), )
AND FOUR UNIDENTIFIED )
DORCHESTER COUNTY POLICE )
OFFICERS (IN THEIR INDIVIDUAL )
CAPACITIES), )
)
    DEFENDANTS. )
)

I, Herman E. Marchant, being duly sworn, say that I am the Plaintiff herein, and have read the foregoing Complaint and know the contents thereof, and that the same is true of my own knowledge, except as to matters therein stated to be alleged on information and belief, and to those matters I believe them to be true.

                                           _Herman E. Marchant_
                                           Signature of Plaintiff

SWORN to and Subscribed before me
this 7th day of September, 2007
_Susie H. Reeves_
Notary Public for South Carolina
My Commission expires: 06/16/2016



Strange Law Offices, P.A., 1725 Main Street, P.O. Box 245, Columbia, SC 29202, 803-929-1484
9

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF DORCHESTER<br><br>HERMAN E. MARCHANT,<br><br>    PLAINTIFF,<br><br>v.<br><br>COUNTY OF DORCHESTER,<br>THOMAS E. BUCHANAN, IV (IN HIS<br>INDIVIDUAL CAPACITY),<br>AND FOUR UNIDENTIFIED<br>DORCHESTER COUNTY POLICE<br>OFFICERS (IN THEIR INDIVIDUAL<br>CAPACITIES),<br><br>    DEFENDANTS. | IN THE COURT OF COMMON PLEAS<br>CIVIL ACTION NO.: 07-CP-18-1695 |

## Plaintiff's First Set of Interrogatories to Defendants

Pursuant to Rule 33 of the South Carolina Rules of Civil Procedure, the undersigned attorney for the Plaintiff, Herman E. Marchant, hereby requests that you respond in writing, under oath, within thirty (30) days, to the following interrogatories:

1. Give the names and addresses of persons known to the parties or counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.

2. Set forth a list of photographs, plats, sketches, diagrams, video tape recordings, audio tape recordings, correspondence, notes, or any other documents in possession of the party that relate to the claim or defense in the case.

3. Set forth the names and addresses of all insurance companies or other entities which have liability insurance coverage relating to the claim and set forth the number or numbers of policies

involved and the amount or amounts of liability coverage provided in each policy.

4. List the names and addresses of any expert witnesses whom the party proposes to use as a witness at the trial of the case.

5. For each person known to the parties or counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.

6. Set forth the names, addresses, telephone numbers, place of employment of each of the Dorchester County sheriff's deputies who were present where and when this claim arose.

Dated: 9/26, 2007

M. Baron Stanton
STANTON LAW OFFICES, P.A.
1728 Main Street
P.O. Box 245
Columbia, South Carolina 29202
ATTORNEY FOR PLAINTIFF